J-S84003-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: N.S.S., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: J.H. | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1342 MDA 2017 |

Appeal from the Order Entered June 30, 2017
In the Court of Common Pleas of Mifflin County Orphans' Court at No(s):
8-2017

BEFORE:  SHOGAN, J., LAZARUS, J., and OTT, J.

JUDGMENT ORDER BY SHOGAN, J.:          **FILED FEBRUARY 13, 2018**

Upon review of the appeal filed by J.H. ("Mother") in the above-captioned case involving the involuntary termination of her parental rights to N.S.S. ("Child"), born in September of 2008, we observe that the trial court failed to appoint legal counsel to represent Child's legal interests as required under 23 Pa.C.S. § 2313(a).  ***See In Re Adoption of L.B.M.***, 161 A.3d 172 (Pa. 2017) (explaining that 23 Pa.C.S. § 2313(a) requires the trial court to appoint counsel for a child in a contested termination of parental rights case). As our Supreme Court explained in ***L.B.M.***, a child's legal interests are distinct from his best interests, because a child's legal interests are synonymous with the child's preferred outcome, while a child's best interests must be determined by the court.  ***Id***. at 174-175.

Our review of the record reflects that Stuart Cilo, Esquire, represented Child as guardian *ad litem* during the underlying dependency proceedings, at the termination proceeding, and has also filed a guardian *ad litem* brief with this Court on appeal. We further observe that the guardian *ad litem* expressed support for the position of Mifflin County Children and Youth Services at the final permanency review hearing on May 5, 2017. N.T., 5/5/17, at 25-26. At the termination of parental rights hearing on June 30, 2017, the guardian *ad litem* merely stated his support of the request to terminate parental rights. N.T., 6/30/17, at 26. Finally, in the brief to this Court, the guardian *ad litem* only argues that "termination would serve [C]hild's best interest." Guardian Ad Litem's Brief at 1 and 3. In addition, we note that the trial court did not receive any testimony from Child in this matter. Thus, we must conclude that the trial court rendered its order terminating Mother's parental rights without Child's legal interests or preferred outcome being represented or offered to the trial court.

Accordingly, we are constrained to VACATE the order terminating Mother's parental rights to Child, and REMAND this case to the trial court for the appointment of separate legal counsel to represent Child's legal interests and further termination proceedings.

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/13/2018